UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARLIN GIOVANNI PICKENS,<br><br>Plaintiff,<br><br>v.<br><br>VIRGINA MASON FRANCISCAN HEALTH SAINT JOSEPH MEDICAL CENTER, et al.,<br><br>Defendants. | Case No. C22-5019RSM<br><br>ORDER GRANTING MOTION TO AMEND ANSWER |

This matter comes before the Court on Defendant Allister GC Stone's Motion to File an Amended Answer, Dkt. #46. No party has filed a timely opposition to this Motion.

A "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended the pleading. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all

ORDER GRANTING MOTION TO AMEND ANSWER - 1

inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Defendant seeks to amend its Answer due to developments in discovery. There is no indication of undue delay, bad faith, prejudice, or futility in this amendment. This is Defendant's first motion to file an amended pleading.

Having considered the briefing from Plaintiff and the remainder of the record, the Court hereby FINDS and ORDERS that Defendant Allister GC Stone's Motion to File an Amended Answer, Dkt. #46, is GRANTED. Defendant is directed to immediately file the Amended Answer attached to its Motion.

DATED this 12th day of August, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE