UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARLIN GIOVANNI PICKENS, | Case No. C22-5019RSM |
| Plaintiff, | ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT |
| v. | |
| VIRGINA MASON FRANCISCAN HEALTH SAINT JOSEPH MEDICAL CENTER, et al., | |
| Defendants. | |

      This matter comes before the Court on Defendants' two Motions for Summary Judgment, Dkts. #58 and #61. The second Summary Judgment Motion is brought by Dr. Allister Stone, the first is brought by the remaining Defendants. Plaintiff Marlin Giovanni Pickens has filed only one Response brief, and it responds to only the Summary Judgment Motion brought by the remaining Defendants. Dkt. #65. The brief appears to explicitly indicate in the caption that it does not oppose Dr. Stone's Motion. *See* Dkt. #64 at 1 ("excluding Defendant No. 12 (Allister G.C. Stone)"). Plaintiff has not filed any supporting declarations or exhibits. No party has requested oral argument.

      Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT - 1

R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Medical records show that on June 13, 2019, Plaintiff Marlin Pickens arrived at Saint Joseph Medical Center ("SJMC") via ambulance after his mother called 911 to report he was "having an episode of mania, screaming, and attempting to fight with family." Dkt. #59 ("Isaacson Decl."), ¶ 1, Ex. 1 at VMFH 000616. After paramedics assessed that Plaintiff was suffering from a manic/psychotic episode, he was restrained and transported to SJMC on an involuntary psychiatric hold for a mental health evaluation. *Id*. Upon Plaintiff's arrival at SJMC, he was evaluated by Defendant Dr. Allister Stone, who noted that Plaintiff said "he can feel himself bleeding," that he had a history of psychosis and schizoaffective disorder," and "is a poor historian." Isaacson Decl. ¶ 2, Ex. 2 at VMFH 000546. At SJMC, Plaintiff continued to be restrained for his own safety and the safety of others, as he was assessed as being a danger to

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT - 2

himself and others and at risk of leaving before treatment. Isaacson Decl. ¶ 3, Ex. 3 at VMFH 000556. Plaintiff was evaluated and assessed by multiple providers, urine samples and blood samples were obtained, and SJMC staff checked on Plaintiff every 15 minutes to ensure his safety while restrained. *Id*. at VMFH 000559. Later that morning, Plaintiff was evaluated by a Designated Crisis Responder ("DCR"), who determined that Plaintiff needed to be detained under the Involuntary Treatment Act ("ITA"). *Id*. at VMFH 000551. Plaintiff was detained by the DCR team at 10:31 A.M. and received medications to address his agitated behavior. *Id*. Plaintiff was eventually transferred from SJMC by ambulance to another facility for further mental health evaluation and treatment. *Id*. at VMFH 000574.

On October 23, 2019, Plaintiff's mother drove him to SJMC's emergency department, told staff that he was "schizophrenic and off all medications," and reported that she felt "threatened." Isaacson Decl. ¶ 4, Ex. 4 at VMFH 000037. Plaintiff was admitted, but he walked out of the emergency department before a full assessment could be completed. *Id*. Plaintiff later returned, was again assessed, and was determined to be in need of further evaluation by the hospital social worker, who felt he needed to be held for evaluation by the DCR. Isaacson Decl. ¶ 4, Ex. 4 at VMFH 000037-39. When Plaintiff's behavior escalated and he attempted to walk away while awaiting DCR evaluation, he was restrained. *Id.* at VMFH 000039. After being restrained, Plaintiff was observed "responding to external stimuli," and "intermittently sitting up and shaking his hair back and forth while talking to himself." *Id*. at VMFH 000038-40. That afternoon, the DCR assessed him and determined that Plaintiff was "not cooperative" and was a "danger to himself," and required detention under the ITA. *Id*. at VMFH 000035. The DCR explained that it was "ok to order medications" as Plaintiff was "agitated and becoming violent" and was a "potential harm to himself and the staff." *Id*. At

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT - 3

5:45 P.M., DCR Thomas Phillips completed and signed a "Single Bed Certification Form" authorizing Plaintiff's 72-hour involuntary hold at SJMC on the basis that "there are no beds available for the respondent to be placed." Isaacson Decl. ¶ 5, Ex. 5.

On October 25, 2019, there was an ITA hearing for Plaintiff in Pierce County Superior Court. Isaacson Decl. ¶ 6, Ex. 6 at VMFH 000445-450; VMFH 000467. The Honorable James Marshall considered Plaintiff's hospitalization and his "June 2019 and May 2016 ITAs" as well as his "voluntary [treatment] in 2019" and, in agreement with petitioner/DCR Thomas Phillips, issued an Order that Plaintiff be involuntarily detained for 14 days. *Id.* at VMFH 000447.

On January 11, 2022, Plaintiff filed this action against multiple Defendants, including Virginia Mason Franciscan Health, SJMC, and many of the nursing staff and security officers who interacted with him during the two hospital visits above. Dkt. #1. Plaintiff's form Complaint has "see attached" written in each of the fields, referring to a 72-page, single-spaced document. This attachment includes claims brought under § 1983 and claims for: "Sexual Assault and Excessive Force; Breach of Contract; Deprivation of Medical Care; Ableism/Disablism, Failure of Duty of Informed Consent; Improper Treatment; Assault and Battery; False Imprisonment; Defamation of Character; Threatening in the Second Degree; Amendment 4; Amendment 5; Amendment 8; Amendment 9; Amendment 13; Amendment 14; Deprivation of Rights While Acting Under Color of Law; Fabrication Under Oath and Intentional Lying Under Oath and/or Omission of Evidence; Failure to Keep from Harm, Torts, Sexual Harassment, Property Destruction, Discrimination." Dkt. #1-1 at 1. He argues that during his emergency department visits he was put in four-point restraints, his lower clothes were removed, he was sexually assaulted, there was "forced intrusion of tools through and into multiple organs," he was given improper care, he was defamed, he was given drugs without

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT - 4

consent, he was not fed, and his property was destroyed, among other allegations. *See id*. at 61–64 ("Injuries"). He seeks a total of $172,500,000 in his original Complaint. *Id*. at 72. Mr. Pickens has attempted to amend his Complaint several times by filing single-page praecipes. Although the use of such praecipes to amend the Complaint is procedurally improper, the Court notes that Mr. Pickens has repeatedly attempted to increase his requested relief; his latest praecipe indicates he is seeking "15 billion U.S.D." Dkt. #63.

Defendants Virginia Mason Franciscan Health, St. Joseph Medical Center, Taylor Eldore, Daniel Murillo, Jennifer Weith, Rebecca Fuller, Jessica Simmons, Christina Martin, Amy Faulk, Roosevelt Washington, Jacques Pirak, and Melvin Koerber (collectively "VMFH Defendants") argue in their instant Motion that a § 1983 claim is improper because they are not governmental or state actors, that "Plaintiff's claims arise out of health care and therefore RCW 7.70 *et seq*. provides the exclusive remedy for allegations of injury," that Plaintiff has not supported his allegations with expert testimony as required by that statute, that they are immune from suit under Washington's Involuntary Treatment Act (RCW 71.05 *et seq*.) because Plaintiff cannot demonstrate prima facie evidence of gross negligence or bad faith, and that many of Plaintiff's claims are barred by the statute of limitations or other case law. Dkt. #58.

The Court agrees with all of the legal arguments made by VMFH Defendants based on the existing record. Individually and taken together, they point to only one possible conclusion—dismissal of all of Plaintiff's claims against all Defendants.

First, VMFH Defendants are correct that Plaintiff has failed to show these Defendants were acting under color of state law, as required to bring a claim under § 1983. *See* Dkt. #58 at 7–8; *Parrat v. Taylor*, 451 U.S. 527, 535 (1981). Defendants are correct that "a private hospital and its employees implementing a state involuntary commitment statute like the ITA does not

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT - 5

convert a private hospital into a state actor for purposes of 42 U.S.C. § 1983." Dkt. #58 at 8 (citing cases). All claims brought under this section are properly dismissed on summary judgment.

Second, all of Plaintiff's claims fall under RCW 7.70 as his alleged injuries were incurred while receiving medical care. Defendants report that Plaintiff has failed to identify any expert witnesses in response to discovery, and has failed to disclose any experts by the deadline set by the Court. *See* Dkt. #58 at 5 (citing a declaration). Under this statute, Plaintiff must establish causation, standard of care, and informed consent through medical expert testimony as explained in VMFH's briefing. Plaintiff acknowledges this argument in his Response, does not deny that he has no expert witness, and appears to argue that he himself should be able to testify on these issues. *See* Dkt. #65 at 2. Under RCW 7.70 and subsequent case law he cannot proceed with claims for injuries incurred while receiving medical care without expert testimony. Consequently, all of Plaintiff's claims are properly dismissed on summary judgment.[1]

Third, all Defendants are immune from suit under Washington's Involuntary Treatment Act because Plaintiff has not demonstrated prima facie evidence of gross negligence or bad faith. Under RCW 71.05.153(2)(b), an officer can take an individual into custody and deliver them to an emergency department of a local hospital when the officer "has reasonable cause to believe that such person is suffering from a mental disorder and presents an imminent likelihood of serious harm or is in imminent danger because of being gravely disabled." RCW 71.05.153(2)(b). The person then must be medically cleared and then examined by a mental

---

[1] To the extent that any of Plaintiff's claims do not fall under this statute, *e.g.* Plaintiff's defamation claims, Defendants correctly point out that Plaintiff has failed to present any evidence or otherwise make a "sufficient showing" to support such claims. *See Celotex, supra.* There are no alleged injuries that arise separately from the administration of medical care. Dismissal of these claims is clearly warranted.

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT - 6

health professional. RCW 71.05.153(3) and (4). Pursuant to the ITA, it is then the designated crisis responder ("DCR") who is charged with making the determination of whether an individual should be further detained and, if so, the DCR can initiate an involuntary hold of 120 hours. RCW 71.05.153; see also, RCW 71.05.154, RCW 71.05.150. This is exactly what happened here. Once Plaintiff arrived at SJMC, a medical screening examination was necessary to determine whether there was a medical reason for Plaintiff's behavior, consistent with RCW 71.05.154, and to medically clear him pursuant to RCW 71.05.153. The ITA provides qualified immunity to those providing care and taking actions under the statute. So long as the VMFH Defendants acted in good faith and without gross negligence, they are immune from civil liability under the ITA. RCW 71.05.120(1). VMFH Defendants argue:

> Despite his numerous allegations, Plaintiff has submitted no evidence that VMFH Defendants committed gross negligence or did not act in good faith when providing care, treatment, and detention of Plaintiff pursuant to the ITA. Unless Plaintiff can establish that any VMFH Defendant acted without good faith or was grossly negligent, all claims against VMFH Defendants arising out of the ITA must be dismissed. *See, Luchtel v. Hagemann*, 623 F.3d 975, 984 (9th Cir. Wash. 2010) (affirming that peace officers are not liable for causing a person to be detained under the ITA if the officers acted in good faith and without gross negligence).

Dkt. #58 at 22. Plaintiff fails to address this argument or his lack of evidence. The Court agrees with the VMFH Defendants and finds this dispositive of all of Plaintiff's claims.

Given the above, the Court need not discuss applicable statutes of limitations or the more substantive arguments for dismissal of individual claims. Plaintiff's Response brief presents no evidence and fails to otherwise make the "sufficient showing" supporting the elements of his claims as required by *Celotex*, *supra*. The Court notes that, on this record, it appears clear that Plaintiff received proper care under difficult circumstances.

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT - 7

The Court further notes that dismissal of all claims against Defendant Stone is warranted for the reasons stated in that Defendant's unopposed Motion, which are largely identical to the reasons raised by VMFH Defendants above. *See* Dkt. #61.

Having considered the briefing from the parties and the remainder of the record, the Court hereby FINDS and ORDERS that Defendants' Motions for Summary Judgment, Dkts. #58 and #61, are GRANTED. All of Plaintiff's claims are DISMISSED WITH PREJUDICE. Defendant Stone's Motion to Compel, Dkt. #65, is STRICKEN as MOOT. This case is CLOSED.

DATED this 8th day of November, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE