UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARLIN GIOVANNI PICKENS,<br><br>Plaintiff,<br><br>v.<br><br>VIRGINA MASON FRANCISCAN HEALTH SAINT JOSEPH MEDICAL CENTER, et al.,<br><br>Defendants. | Case No. C22-5019RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Pickens's three-page "Motion to Reopen and Reconsider," Dkt. #71.

This case is closed. Defendants' Motions for Summary Judgment were granted on November 8, 2022. Dkt. #69. Plaintiff's claims were dismissed with prejudice.

The instant Motion cites no rules or other sources of law. Instead, Plaintiff attaches hundreds of pages of medical records as evidence for "an excusable reason to have been away from such case given the time that such case was ordered to be closed." Dkt. #71 at 1. Plaintiff then repeats his claims about Defendants' gross negligence and bad faith—claims that were dismissed on summary judgment. One attached document indicates that Plaintiff "was admitted… for inpatient treatment on 11/08/2022" and was discharged on 1/11/2023. *Id*. at 4. Plaintiff does not explain how hospitalization on November 8 could have affected this case. This was after briefing was closed on the summary judgment Motions. Plaintiff did file a response to at least one of the summary judgment Motions; it was reviewed by the Court and

ORDER DENYING MOTION FOR RECONSIDERATION - 1

addressed in the Order. Plaintiff does not connect the dots between his medical situation and his requested relief.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). A motion for reconsideration shall be plainly labeled as such. *Id.* The motion shall be filed within fourteen days after the order to which it relates is filed. *Id.* No response to a motion for reconsideration shall be filed unless requested by the court. LCR 7(h)(3).

The instant Motion appears to be seeking reconsideration of the Court's rulings pursuant to LCR 7(h). The caption uses the word "reconsider." There is no citation to other Court rules or law.

This Motion is untimely under LCR 7(h)(3) and is properly denied on that basis. Even if it were timely, the Court would deny it as it fails to set forth manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Alternatively, if the Court were to interpret this Motion as seeking an extension of time due to Plaintiff's health issues, Plaintiff fails to set forth any basis for relief that he would have requested but for his health issues. His health issues are also inadequately articulated in the Motion. The Court continues to find that this case is properly closed.

ORDER DENYING MOTION FOR RECONSIDERATION - 2

Having considered the briefing from the parties and the remainder of the record, the Court hereby FINDS and ORDERS that Plaintiff Pickens's "Motion to Reopen and Reconsider," Dkt. #71, is DENIED.  This case remains CLOSED.

DATED this 1st day of March, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE