UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARLIN GIOVANNI PICKENS,<br><br>Plaintiff,<br><br>v.<br><br>VIRGINA MASON FRANCISCAN HEALTH SAINT JOSEPH MEDICAL CENTER, et al.,<br><br>Defendants. | Case No. C22-5019RSM<br><br>ORDER DENYING MOTION TO PROCEED IFP ON APPEAL |

This matter comes before the Court on Plaintiff Pickens's Motion for Leave to Appeal In Forma Pauperis ("IFP"), Dkt. #74. This two-page Motion is actually just the Western District's "Declaration and Application to Proceed In Forma Pauperis and Written Consent for Payment of Costs" form. Plaintiff has checked boxes and filled in information that demonstrates $1,227 a month in public assistance income and $750 a month in expenses. *Id*. The only written statement is the sentence "I get paid once monthly (low income) and there is a time limit on an appeal, (outside of my letter of absence attached. [sic]" *Id*. at 2.

Defendants' Motions for Summary Judgment were granted on November 8, 2022. Dkt. #69. Plaintiff's claims were dismissed with prejudice and the case closed. On February 28, 2023, Plaintiff filed a Motion for Reconsideration seeking to reopen the case because Plaintiff

ORDER DENYING MOTION TO PROCEED IFP ON APPEAL - 1

was hospitalized after summary judgment was fully briefed; he was discharged from the hospital on January 11, 2023. Dkt. #71. The Motion cited no rules or sources of law. Plaintiff did not explain how his medical situation justified his requested relief of reopening the case. The Motion did not seek additional time to file an appeal. The Court ruled that it was an untimely motion for reconsideration under LCR 7(h)(3) and that it failed to set forth manifest error or make a showing of new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence.

Plaintiff then filed a Notice of Appeal of the Court's ruling on the Motion for Reconsideration *and* the November 8, 2022, Order and Judgment. Dkt. #73. This strikes the Court as an attempt to evade the 30-day deadline for appeal. *See* Federal Rule of Appellate Procedure 4(a)(1).

The instant Motion seeks leave to proceed IFP on appeal. Dkt. #74. This Motion is permitted under Federal Rule of Appellate Procedure 24(a)(1). That rule requires Plaintiff to attach an affidavit that "a) shows… the party's inability to pay or to give security for fees and costs; b) claims an entitlement to redress; and c) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

Plaintiff paid the filing fee for the instant case. His income exceeds his expenses. The instant Motion does not set forth the required entitlement to redress or state the issues to be presented on appeal. The Court ruling on the Motion for Reconsideration touches on the untimeliness of appeal; the instant Motion does not explain how the appeal is timely. Given all of the above, the Court finds that Plaintiff has failed to demonstrate that he is entitled to proceed in forma pauperis on appeal.

ORDER DENYING MOTION TO PROCEED IFP ON APPEAL - 2

Having considered the briefing from the parties and the remainder of the record, the Court hereby FINDS and ORDERS that Plaintiff Pickens's Motion for Leave to Appeal In Forma Pauperis, Dkt. #74, is DENIED. This case remains CLOSED. The Court directs the Clerk to send a copy of this Order to the Ninth Circuit Court of Appeals re: Case No. 23-35163.

DATED this 10th day of March, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE